597 A.2d 419

**Melvin N. WHITE, et al.**

v.

**J. Randall EVANS, et al.**

**No. 32, Sept. Term, 1991.**

Court of Appeals of Maryland.

Oct. 25, 1991.

Leah J. Seaton (Stuart R. Cohen, James A. Mayhew, Legal Aid Bureau, Inc., Baltimore, Elizabeth Renuart, Frederick, William R. Leahy, Annapolis), on brief, for petitioners.

Evelyn O. Cannon, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Lucy A. Cardwell, Lynn M. Weiskittel, Asst. Attys. Gen., on brief), Baltimore, for respondents.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

PER CURIAM.

This is a class action filed to challenge certain policies and practices of the Department of Economic and Employment Development and its Office of Unemployment Insurance. Three legal aid organizations in this State represent three certified classes of claimants who are or will be applicants for or recipients of unemployment insurance benefits. They challenge, principally on due process grounds, policies and practices of the Department relating to the denial, reduction, delay and termination of unemployment insurance benefits. The plaintiffs contend, among other things, that benefits are unduly delayed, denied, reduced, and terminated without appropriate hearings; that hearings, when provided, are not timely; that the files of applicants are maintained in a fashion that makes it unnecessarily difficult or impossible for an applicant to obtain information required to effectively pursue the claim; that the notices of denial, reduction, referral, and termination of benefits, as well as the notices of hearing and of rights concerning appeal are legally defective; and, that the Department affords insufficient notice and opportunity to be heard before a reduction or termination of benefits.

Following extensive discovery proceedings and the filing of affidavits, both sides filed motions for summary judg-

ment. At the conclusion of a hearing on the motions, the trial judge granted summary judgment for the defendants, briefly stating that he believed most delays did not exceed 7 to 12 days, and generally stating that he found no constitutional deficiencies. The plaintiffs appealed, and we granted certiorari before the case was considered by the Court of Special Appeals.

Upon consideration of the briefs and arguments of the parties, and the record in this case, we conclude that disposition of the action by summary judgment was inappropriate. In many important respects the facts material to this case are in dispute. There is clearly a need to analyze and evaluate statistical data submitted by each side, and to make specific findings of fact concerning those data. The plaintiffs have raised significant questions about specific procedures and practices, each of which should be separately considered and decided, with findings of fact made as required on each issue. We remand the case to the trial court for that purpose.

JUDGMENT OF CIRCUIT COURT FOR BALTIMORE CITY VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS; COSTS TO ABIDE THE RESULT; MANDATE TO ISSUE FORTHWITH.